STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
W. RANDALL PARAGAS, RESPONDENT.

708 N.W.2d 660

Filed January 27, 2006.   No. S-05-772.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, W. Randall Paragas, was admitted to the practice of law in the State of Nebraska on September 17, 1986, and at all times relevant hereto was engaged in the private practice of law in Omaha, Nebraska. On June 22, 2005, formal charges were filed against respondent. The formal charges set forth one count that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1,

DR 1-102(A)(1) (violating disciplinary rule); DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); and Canon 7, DR 7-102(A)(3) (failing to disclose that which lawyer is required to reveal), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997).

A referee was appointed and heard evidence. On November 28, 2005, the referee filed his report. With respect to the single count in the formal charges, the referee found that respondent's conduct had breached DR 1-102(A)(1) and (5) and DR 7-102(A)(3), as well as his oath of office as an attorney. The referee recommended that respondent be suspended from the practice of law for 60 days.

On December 13, 2005, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the findings of fact and recommended sanction set forth in the referee's report and waived all proceedings against him in connection herewith in exchange for a stated form of consent judgment of discipline outlined below. Upon due consideration, the court approves the conditional admission.

## FACTS

In summary, the referee found that respondent had received over $10,000 in cash from a client and had failed to report the receipt of that cash to the Internal Revenue Service, as required by I.R.C. § 6050I (2000). The referee further found that in a case in which respondent had been hired to probate an estate, respondent had failed to timely comply with a court order directing him to deposit certain sums held by his office and relating to the estate into a money market account. The referee found that respondent's conduct had violated DR 1-102(A)(1) and (5) and DR 7-102(A)(3), as well as his oath of office as an attorney. The referee recommended that respondent be suspended from the practice of law for 60 days.

In the referee's report, he noted that respondent had "fully cooperated" with the Counsel for Discipline's office and was "embarrassed by his actions, and apologetic." The referee also noted that the record from the hearing contained more than 40 letters from members of the legal profession familiar with the

quality of respondent's legal work and service to the bar. According to the referee's report, "[a]ll [of these letters] indicate that respondent enjoys a good reputation in the legal community, is well prepared and zealously represents his clients."

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, and given the conditional admission, we find that respondent knowingly does not challenge or contest the findings of the referee, which we now deem to be established facts, and we further find that respondent violated DR 1-102(A)(1) and (5) and DR 7-102(A)(3), as well as his oath of office as an attorney. Respondent has waived all additional proceedings against him in connection herewith, and upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (5) and

DR 7-102(A)(3), as well as his oath of office as an attorney, and that respondent should be and hereby is suspended from the practice of law for a period of 60 days, effective 30 days after the filing of this opinion. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. At the end of respondent's 60-day suspension period, respondent shall be automatically reinstated to the practice of law, provided that respondent has demonstrated his compliance with rule 16, and further provided that the Counsel for Discipline has not notified this court that respondent has violated any disciplinary rule during his suspension. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2005) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION.